UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re: )
Barbara A. Sefarian, ) Case No. 04 B 45955
 )
Debtor. )
 ) Honorable John D. Schwartz
 )

## MEMORANDUM OPINION

This matter comes before the court on the debtor's motion to reopen this case and to avoid a judgment lien held by JP Morgan Chase Bank, N.A., f/k/a Bank One, N.A. ("Bank").

### Background

On December 15, 2004, debtor Barbara A. Sefarian ("Sefarian") filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code, 11 U.S.C. §§101, *et seq*. The Bank was a creditor in the bankruptcy case in the amount of $98,425.65 by reason of a judgment entered against Sefarian by the Circuit Court of Cook County on July 9, 2004. After the judgment was entered, the Bank commenced post-judgment collection proceedings against Sefarian, including a wage garnishment.

The first meeting of creditors was held on January 13, 2005 and was continued several times for further examination of the debtor. Counsel for the Bank attended the meetings. The trustee found that there were no assets for him to administer and he filed a No Asset Report with the court. A discharge was grated to the debtor on July 29, 2005. The Bank requested and obtained two extensions of the deadline for filing an objection to the discharge of its debt. The Bank did not pursue any objections to the discharge of its debt or Sefarian receiving her discharge, presumably because the Bank had a judgment lien.

The case was closed on December 2, 2005. After the case was closed, Sefarian contacted counsel for the Bank requesting a voluntary release of its lien. The Bank declined the request. On June 6, 2006, Sefarian filed these motions.

## Discussion

Section 350(b) of the Bankruptcy Code provides that a case may be reopened to administer assets, to accord relief to the debtor, or for other cause. Section 522(f) allows for avoidance of judgment liens, provided certain conditions are met. The Seventh Circuit discussed the relationship between these provisions in In re Bianucci, 4 F.3d 526 (7th Cir. 1993).

In Bianucci, chapter 7 debtors sought to reopen their bankruptcy case to avoid a judgment lien two years after their case was closed. The Court addressed the question of whether the case could be reopened to avoid the lien after they failed to move to avoid it while the case was pending. Such a decision, the Court opined, is "within the broad discretion of the bankruptcy court. [Citations omitted]. Neither section 350(b) nor section 522(f) ... sets time limits on debtors' motions to avoid liens, and courts have dealt with such motions in different ways. [Citations omitted]. The leading approach is permissive but incorporates an equitable defense akin to laches, so that a debtor may reopen the bankruptcy case at any time to avoid a lien absent a finding of prejudice to the creditor." Id. at 528. The Court found that prejudice to the creditor existed because the Bianuccis delayed bringing their motions, including a five-month period during which they had actual knowledge that the judgment lien had never been avoided. The court also considered the expenses the creditor incurred to revive its judgment.

Here, the Debtor was aware of the judgment at the time she filed her bankruptcy case and could have easily discovered that the lien existed and moved for its disallowance under the law.

Instead she waited until six months after the case had been closed. She and her lawyer were also aware that the Bank had requested continuance of the date for filing objections to the discharge of the debt. A debtor cannot sit on its rights when to do so causes a creditor to lose its rights. The Seventh Circuit opinion in <u>Bianucci</u> supports this court's position.

### Conclusion

For the foregoing reasons, the motions to reopen this bankruptcy case and to avoid the Bank's lien will be denied.

**ENTERED:**

**Date: July 12, 2006**

John D. Schwartz
United States Bankruptcy Judge